NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PACIFIC AMERICAN TITLE
INSURANCE AND ESCROW
COMPANY; LOURDES P. SAN
NICOLAS,

Plaintiffs - Appellants,

v.

EVANSTON INSURANCE COMPANY,

Defendant - Appellee.

No. 25-2705

D.C. No.
1:22-cv-00021

MEMORANDUM[*]

Appeal from the District Court of Guam
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted February 10, 2026
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Plaintiff-Appellant Pacific American Title Insurance and Escrow Company

(PATICO) and its employee Lourdes P. San Nicolas[1] seek a declaratory judgment

that Defendant-Appellee Evanston Insurance Company must defend them in an

---

[*]This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[1]We refer to Plaintiffs collectively as 'PATICO' given that they have not made
any arguments that legally distinguish San Nicolas from his employer.

underlying dispute. On cross motions for summary judgment, the district court concluded that Evanston owed them no such duty. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's decision on cross motions for summary judgment de novo. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 965 (9th Cir. 2021) (citation omitted). The determination of the possibility of insurance coverage—and thus a duty to defend—under Guam insurance law is a two-step process.[2] First, the "court must determine whether the event is within the insurance policy's basic coverage, with the burden of proof resting on the insured." *Guam Indus. Servs., Inc. v. Zurich Am. Ins. Co.*, 2013 WL 5068873, at *7 (D. Guam Sept. 13, 2013) (citation omitted), *aff'd,* 787 F.3d 1001 (9th Cir. 2015). Second, if the event is covered, the burden shifts to the insurer "to demonstrate that the allegations of the complaint can be interpreted only to exclude coverage." *Nat'l Union Fire Ins. Co. v. Guam Hous. and Urban Renewal Auth.*, 2003 Guam 19 ¶ 23 (citation omitted); *see also Atl. Mutual Ins. Co. v. J. Lamb, Inc.*, 123 Cal. Rptr. 2d 256, 272 (Cal. Ct. App. 2002) (holding that to prevail, the insurer must demonstrate "that the exclusion applies in all possible worlds").

---

[2] In addition to applying its own law, Guam looks to California law in interpreting insurance policies because Guam's insurance statutes were adopted from California's. *See Nat'l Union Fire Ins. Co. v. Guam Hous. and Urban Renewal Auth.*, 2003 Guam 19 ¶ 63.

We assume without deciding that PATICO's policy potentially covered the conduct here. But Evanston does not owe PATICO a duty to defend because Policy Exclusion B.7 applies here. That exclusion states that the policy will not cover "any Claim" "[b]ased upon or arising out of: [a]ny conversion, misappropriation, commingling, defalcation, theft, disappearance, or insufficiency in the amount of escrow funds, monies, monetary proceeds, funds or property, or any other assets, securities, negotiable instruments or any other thing of value." And the exclusion applies "irrespective of which individual, party, or organization actually or allegedly committed or caused in whole or in part the conversion, misappropriation, commingling, defalcation, theft, disappearance, or insufficiency in amount."

Evanston has shown that "the exclusion applies in all possible worlds" presented by the Complaint. *Atl. Mutual Ins.*, 123 Cal. Rptr. 2d. at 272. All five of the underlying claims are premised on allegations that PATICO assisted an underlying co-defendant in obtaining two million dollars from an allegedly illegal property transaction. That conduct was a conversion. *See Jacot v. Miller*, 2017 WL 4320322, at *4 (D. Guam Sept. 28, 2017). That conduct concerned "funds or property": the underlying real estate and the two million dollars paid for it. And the exclusion applies "irrespective" of who actually committed or caused the theft or conversion. Simply put, the claims here arise out of a conversion, which Evanston has no duty to defend under the text of the exclusion. *See Waller v. Truck Ins. Exch.,*

*Inc.*, 900 P.2d 619, 627 (Cal. 1995) ("[W]here there is no possibility of coverage, there is no duty to defend." (citation modified)).

**AFFIRMED.**